Filed 12/28/15  In re P.S. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re P.S., <br><br> a Person Coming Under the Juvenile Court Law. | B261831 <br> (Los Angeles County <br>  Super. Ct. No. DK04291) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>  Plaintiff and Respondent, <br><br> v. <br><br> A.S., <br><br>  Defendant and Appellant. | |

APPEAL from orders of the Superior Court for Los Angeles County, D. Zeke Zeidler, Judge.  Dismissed.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant A.S. (mother) appeals from orders denying her petitions filed under Welfare and Institutions Code[1] section 388, requesting the juvenile court to change the order placing her son, P.S. in the care of his father with monitored visitation for mother, and instead to order the return of P.S. to mother's care or, in the alternative, to order (1) unmonitored weekend visits, or (2) unmonitored, expanded, and liberal visitation, or (3) that her visits be unmonitored. Mother's appointed counsel filed an opening brief stating that she found no arguable issues.

In *In re Sade C.* (1996) 13 Cal.4th 952, the Supreme Court held that when appointed counsel for an indigent parent in a dependency appeal files an opening brief raising no arguable issues, the Court of Appeal is not required to independently review the entire record for any arguable issue, as is the case in criminal appeals by indigent defendants, and may instead dismiss the appeal. (*Id.* at p. 994.) The indigent parent in such a case generally has no right to file his or her own brief setting forth issues for review, "unless the parent can establish good cause by showing that an arguable issue does, in fact, exist." (*In re Phoenix H.* (2009) 47 Cal.4th 835, 845.) The Court of Appeal has discretion, however, to permit the parent to file a brief without a preliminary showing of good cause. (*Id.* at p. 844.)

In the present case, we notified mother that her counsel submitted a brief indicating an inability to find any arguable issues, and informed her that she could "submit by letter or brief any grounds of appeal contentions, or arguments [that mother] wishes this court to consider." Mother submitted a letter stating that she believed the juvenile court's denial of her section 388 petition "was very wrong" because, based upon the report of her therapist (which was attached as an exhibit to one of her petitions), she "was not in the same exact position as [she] was before,"

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

and mother "believe[d] it was completely safe and warranted to ask and get at least unmonitored visits."

We have reviewed mother's supplemental brief and, out of an abundance of caution, we also have independently reviewed the challenged petitions. Our review confirms mother's counsel's determination that no arguable issues exist. Accordingly, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:



MANELLA, J.



COLLINS, J.

3